USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/1/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Isaiah Wilson,

          Petitioner,

–v–

United States of America,

          Respondent.

13-cr-0777 (AJN)
16-cv-4994 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Petitioner Isaiah Wilson moves under Federal Rules of Civil Procedure 59(e) and Local Rule 6.3 for the Court to alter or amend its judgment or otherwise reconsider its Opinion denying his § 2255 motion. For the reasons that follow, the Court grants his motion in limited part to correct two errors. The errors do not affect the Court's prior decision to deny his § 2255 motion.

### I. BACKGROUND

#### A. Petitioner's Conviction and Sentencing

The Court assumes familiarity with the facts underlying Petitioner Isaiah Wilson's convictions, which were summarized in the Court's August 8, 2019 Opinion and Order. Case No. 13cr777-3, Dkt. No. 170. Petitioner and two co-defendants were arrested while attempting to commit what they believed would be an armed robbery of drug dealers in New York City on September 4, 2013, but was in fact a sting operation by the United States Drug Enforcement Administration. *See* Dkt. No. 1. The three were indicted on October 8, 2013 for conspiracy to distribute cocaine and heroin (Count One), conspiracy to commit Hobbs Act robbery (Count Two), and unlawful possession of a firearm in connection with a drug trafficking offense and

1

crime of violence (Count Three). *See* Dkt. No. 10.  On March 24, 2014, Petitioner pled guilty to Count Two and Count Three, as well as to a lesser-included offense of conspiracy to distribute smaller amounts of cocaine and heroin than originally charged in Count One of the indictment. *See* Dkt. No. 58, Plea Tr. 24:18-24.

In the plea agreement executed between Petitioner and the Government, the parties agreed to an applicable Sentencing Guidelines range of 262 to 327 months imprisonment.  Pre-Sentence Report (PSR), ¶ 8.  In coming to this calculation, the parties stipulated that Petitioner qualified as a Career Offender under Section 4B1.1(a) because he had two prior convictions for a "crime of violence." *Id.*  The convictions were Burglary and Aggravated Assault in the Third Degree under New Jersey law, N.J.S.A. § 2C:12-1B(5)(A). *Id.*  At the sentencing hearing on December 8, 2014, the parties did not dispute this calculation, and Petitioner's counsel conceded that the New Jersey convictions constituted crimes of violence for the purposes of the Career Offender enhancement of the Guidelines.  Dkt. No. 115, Sent. Tr. 23:3-24:25.  After conducting its own independent calculation, the Court agreed with the parties that the stipulated guidelines range was correct. *Id.* at 6:9-16.  The Court sentenced Petitioner to a below-guidelines sentence of 216 months' imprisonment.  Dkt. No 108.

On December 19, 2014, Petitioner appealed his sentence to the Second Circuit, arguing that his prior conviction for burglary did not qualify as a "crime of violence" under Section 4B1.2 of the Guidelines.  Dkt. No. 110.  On May 24, 2016, the Second Circuit dismissed Petitioner's appeal because Petitioner had not demonstrated that the waiver of appellate rights contained in the plea agreement was unenforceable.  Dkt. No. 121.

### B. Petitioner's § 2255 Motion

On June 24, 2016, Petitioner filed, with the assistance of counsel, a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that in light *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior convictions for burglary and aggravated assault under New Jersey law do not qualify as a "crime of violence" for the purposes of the Sentencing Guidelines' Career Offender enhancement under § 4B1.2.  Dkt. No. 125 at 1.  On September 23, 2016, Petitioner filed a *pro se* affidavit in support of his motion in which he argued that his conviction of conspiracy to commit Hobbes Act Robbery was not a "crime of violence" and that there was no factual basis to accept his guilty plea for Count Three.  Dkt. No. 132 at 2-3.

On September 30, 2016, the Court stayed the case pending the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017), which presented the issue of whether *Johnson* applied to Section 4B1.2 of the Sentencing Guidelines.  Dkt. No. 134.  On March 6, 2017, the Supreme Court held in *Beckles* that *Johnson* did not invalidate Section 4B1.2 of the Sentencing Guidelines.  *See Beckles*, 137 S. Ct. at 897.  The Court then permitted Petitioner to file a supplemental brief in light of the opinion.  Dkt. No. 149.  On June 16, 2017, Petitioner filed his supplemental brief, in which he argued that it was ineffective assistance of counsel for his trial counsel to advise Petitioner to stipulate in the plea agreement that Petitioner was a Career Offender.  Dkt. No. 156.

In an Opinion and Order on August 8, 2019, the Court denied Petitioner's motion on the merits.  Dkt. No. 170.  First, however, the Court had to determine how to interpret the supplemental brief Petitioner filed on June 16, 2017.  *Id.*  The Court held that Petitioner's supplemental brief was not a second, successive habeas petition, as the Government had argued, because it was filed prior to any adjudication on the merits of his § 2255 motion.  *Id.* at 3-4.  Instead, the Court treated his supplemental brief as a motion to amend and granted it.  *Id.* at 4, 7.

But, because his supplemental brief did not address any the arguments raised in his initial motion in or the accompanying *pro se* affidavit, and because Petitioner did not respond to the Government's challenges to those arguments in his reply, the Court determined that those initial arguments were waived. *Id.* at 8.

The Court also held in the alternative that, even if those initial arguments were not waived, they would nonetheless be denied as meritless. *Id.* The Court reasoned that § 4B1.2(a)(2) of the Guidelines was not void for vagueness in light of *Beckles*, and that Petitioner's burglary conviction is a crime of violence for the purposes of that sentencing enhancement, citing *United States v. Brown*, 514 F.3d 256, 264-69, where the Second Circuit held that an effectively identical burglary statute in New York constituted a crime of violence under § 4B.1.2(a)(2). *Id.* In response to Petitioner's challenge to Count Three of his conviction, the Court reasoned that "Hobbs Act robbery is a crime of violence for the purposes of conviction under 18 U.S.C. § 924(c)," citing *United States v. Hill*, 890 F.3d 51, 54-60 (2d Cir. 2018). *Id.*

The Court then turned to the claims raised in Petitioner's amended petition and held that the New Jersey aggravated assault conviction was a crime of violence and that his counsel did not provide ineffective assistance at the plea hearing, thus denying Petitioner's § 2255 motion. *Id.* at 9-13.

### C. The Instant Motion for Reconsideration

On August 19, 2019, Petitioner filed, with the assistance of counsel, a Motion for Reconsideration under New York Local Civil Rule 6.3. Dkt. No. 171. In that motion, Petitioner asked the Court to clarify that Petitioner had been convicted of conspiracy to commit Hobbes Act robbery, not Hobbes Act robbery, as indicated in the Opinion, but conceded that Count Three of the indictment was nonetheless still predicated on the drug trafficking offense. *Id.* at 4.

Petitioner also argued that he had not waived his *pro se* claims, because counsel had inadvertently failed to renew them. *Id.* at 5. On September 9, 2019, Petitioner filed *pro se* a Motion to Alter or Amend the Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. No. 175. In that filing, he argued that the Court erred by not warning Petitioner that his claims would be waived if he did not renew them in the amended petition, and that the New Jersey burglary conviction is not a crime of violence for purposes of the Career Offender sentencing enhancement, § 4B1.2(a)(2). *Id.*

On September 11, 2019, the Court issued an Order explaining that Petitioner is entitled either to be represented by counsel or to represent himself, and that so long as he retains counsel, Petitioner may not communicate with the court other than through that counsel. Dkt. No. 176. The Court administratively denied his *pro se* motion and gave him leave to renew his motion in the event he wished to proceed *pro se*. *Id.* Petitioner then indicated that he wished to proceed *pro se* and the Court granted defense counsel leave to withdraw. Dkt. No. 183.

On October 25, 2019, Petitioner renewed his Rule 59(e) motion. Dkt. No. 184. The Court then held in an Order on October 29, 2020 that it would consider both Petitioner's *pro se* filing and the counseled filing submitted prior to his counsel's withdrawal. Dkt. No. 185. On November 18, 2019, the Government filed a response in opposition to both filings. Dkt. No. 187. Petitioner filed a reply on December 18, 2019. Dkt. No. 188. On March 2, 2020, Petitioner filed a motion requesting that the Court take judicial notice of the Third Circuit's decision in *United States v. Brown*, 765 F.3d 195 (3d Cir. 2014). Dkt. No. 189.

## II.   DISCUSSION

Between the two filings that the Court jointly considers Petitioner's motion, he provides three arguments. First, that the Court erred in considering the arguments raised in his original §

2255 motion and accompanying affidavit waived.  Second, that the Court erred in determining that his New Jersey burglary conviction was a "crime of violence" for the purposes of the Career Offender enhancement of the Guidelines, § 4B1.2.  And third, that the Court erred to the extent it suggested that Petitioner had been convicted of Hobbes Act robbery instead of conspiracy to commit Hobbes Act robbery, as well as in upholding Count Three of his conviction.  For the reasons explained below, the Court will make limited amendments to it prior opinion on the issues of waiver and the Hobbes Act robbery conspiracy conviction, but otherwise denies Plaintiff's motion.

### A.  FRCP Rule 59(e) and Local Rule 6.3

Petitioner moves the Court to "alter or amend" the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, whereas in his counseled filing, he moves for reconsideration under Southern District of New York Local Civil Rule 6.3.  However, the "grounds for relief under Rule 59(e) are equivalent to the grounds for relief on a motion for reconsideration under Local Civil Rule 6.3." *Fields v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 03 CIV. 8363 (SHS), 2004 WL 626180, at *1 (S.D.N.Y. Mar. 30, 2004) (brackets removed) ("quoting *Ackoff-Ortega v. Windswept Pacific Entertainment Co. (Inc.)*, 130 F.Supp.2d 440, 443 (S.D.N.Y.2000)). *Cf. Maalouf v. Salomon Smith Barney, Inc.*, No. 02 CIV. 4770 (SAS), 2004 WL 2782876, at *1 (S.D.N.Y. Dec. 3, 2004) ("Whether the motion is construed as a motion under Rule 59(e) or a motion for reconsideration under Rule 60(b) makes little difference" in this context, "as the standards are the same.").

"In a motion for reconsideration pursuant to Rule 59(e) and Local Civil Rule 6.3, a party generally may not raise facts or arguments not previously presented to the court," but may ask the Court "to correct clear error, prevent manifest injustice or review the court's decision in light

of the availability of new evidence." *Fields*, 2004 WL 626180, at *2 (internal quotations and citations omitted). "The standard for granting . . . a Rule 59 motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Stitsky v. United States*, No. 06-CR-357 (KMW), 2019 WL 1254566, at *1 (S.D.N.Y. Mar. 19, 2019) (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (brackets removed). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

### B.  Petitioner's challenge to the Court's finding of waiver

Petitioner argues that the Court made a "clear error" of law in failing to warn him of the consequences of amending his petition without renewing his original arguments in light of *Castro v. United States*, 540 U.S. 375 (2003), which held that a district court must warn a pro se litigant of the consequences of recharacterizing a filing as a first § 2255 motion. Dkt. No. 175, at 3. However, the Court's decision was not contrary to *Castro*, which holds that district courts must warn *pro se* plaintiffs that recharacterizing a filing as a *first* § 2255 motion will result in defendant being "subject to the restrictions on second or successive" motions, and that failure to do so will prevent application of "the law's 'second or successive' restrictions." *Castro*, 540 U.S. at 383. Here, Plaintiff had already knowingly filed a § 2255 motion, and the Court considered the motion amended so as to avoid the negative consequence of it being considered a second or successive motion.

Nonetheless, the failure to renew the original arguments in his supplemental briefings appears to have been unintentional instead of a knowing waiver of those arguments. Plaintiff's counsel admits in Petitioner's counseled filing that the failure to renew Plaintiff's claims was an inadvertent error. Dkt. No. 171 at 5. Because Courts are obliged to give *pro se* parties "extra leeway in meeting the procedural rules governing litigation" and make an effort "to protect a party so appearing from waiving a right to be heard because of his or her lack of legal knowledge," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), the Court will amend its prior order so as not to deem waived the arguments initially raised in his § 2255 motion and accompanying affidavit.

However, this amendment is of limited consequence. Though the Court considered the arguments waived in its prior opinion, the Court also denied those arguments on the merits. As described below, Petitioner's request for the Court to alter, amend, or otherwise reconsider the decision to deny Petitioner's § 2255 motion on the merits is denied.

### C. Petitioner's challenge to his sentence

In his original § 2255 motion and his motion to alter or amend the judgment under Rule 59(e), Petitioner argues that the Court erred in determining that his New jersey Burglary conviction constitutes a "crime of violence" for the purposes of the Career Offender sentencing enhancement of the Guidelines, § 4B1.2(a).

Petitioner has identified no "clear error" of law or other basis for vacating his sentence under Rule 59(e) or Local Rule 6.3. In his original § 2255 motion, Petitioner argues that in light of *Johnson*'s invalidation of the residual clause in the Armed Career Criminal Act, his prior convictions should not qualify as crimes of violence under the residual clause in the Guidelines' Career Offender sentencing enhancement. Dkt. No. 125. This argument is now foreclosed after

8

the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017) that *Johnson* does not apply to § 4B1.2 of the Sentencing Guidelines.  And in his Rule 59(e) motion, Petitioner merely rehashes his arguments on the merits, which is insufficient to obtain relief in this posture. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

In another subsequent filing, Petitioner requests that the Court take "judicial notice" of a Third Circuit decision *United States v. Brown*, 765 F.3d 185, 189 (3d Cir. 2014), where the Court held that "[i]f the state statute 'sweeps more broadly' than the federal definition, a conviction under it is not a career offender predicate" for the purposes of the Guidelines, § 4B1.2.  Dkt. No. 189.   Petitioner also attached as an exhibit *United States v. Brown*, 2018 U.S. Dist. LEXIS 126501 *5 (D.N.J., July 30, 2018), where the New Jersey District Court cited that reasoning from *Brown* (3d Cir. 2014) in determining that New Jersey's burglary statute should not qualify as a predicate for the Career Offender enhancement.   However, those cases are not binding authority on this Court.  In contrast, the Court is bound to follow the Second Circuit case cited in the prior Opinion, which determined that an effectively identical New York statute qualified. *See United States v. Brown*, 514 F.3d 256, 264-69 (2d Cir. 2008).  The Court will therefore not alter its holding that New Jersey's burglary statute qualifies as a crime of violence under § 4B1.2 of the Guidelines.

### D. Petitioner's challenge to Count Three of his conviction

Petitioner argues in his counseled filing that the Court misstated the record in its Opinion. In response to his argument that his conviction of conspiracy to commit Hobbs Act robbery was not a crime of violence, the Court stated in its opinion that "Hobbs Act robbery is a crime of violence for the purposes of a conviction under 18 U.S.C. § 924(c)," citing *United States v. Hill*, 890 F.3d 51, 54-60 (2d Cir. 2018).  Dkt. No. 170 at 8.   As Petitioner correctly points out, he

9

was convicted of *conspiracy* to commit Hobbs Act robbery, not Hobbs Act robbery.  The Court therefore grants Petitioner's motion to alter its prior opinion as necessary to state the proper crime of which Petitioner was convicted and to reflect that Petitioner was challenging the validity of his Hobbs Act Robbery conspiracy charge as a predicate for his § 924(c) conviction (Count Three).   The Government consents to this alteration.

The Court does not, however, disturb its prior holding that Petitioner's challenge to Count Three of his conviction in his § 2255 motion is denied.   Count Three charged Petitioner with using a firearm both during a crime of violence and a narcotics distribution offense, either of which is sufficient under 18 U.S.C. § 924(c)(1)(A).  While conspiracy to commit Hobbs Act robbery no longer constitutes a "crime of violence" after *United States v. Davis*, 139 S. Ct. 2319 (2019), Petitioner also pled guilty to possessing a firearm "during and in relation to a . . . drug trafficking crime . . . namely, the narcotics conspiracy charged in Count One." Dkt. No. 10. Therefore, Count Three of his conviction stands.

## III.   CONCLUSION

For the reasons stated above, the Court GRANTS IN PART Petitioner's motion to alter the Court's prior Opinion.  The prior Opinion (Dkt. No. 170) shall be amended to reflect that the Petitioner did not waive the arguments he initially raised in his original § 2255 motion and accompanying affidavit, as well as to reflect that Petitioner was convicted of conspiracy to commit Hobbs Act robbery and that he correctly argued that this offense does not constitute a "crime of violence" for purposes of § 924(c).   Petitioner's motion is DENIED in all other respects.   This resolves Case No. 13cr777-3, Dkt. Nos. 171, 175, 184, 189 and Case No. 16-cv-4994, Dkt. Nos. 17, 26.

Since Petitioner "has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue." *Perez v. United States*, No. 04-cv-7148 (JSR), 2007 WL 685949, at* 1 (S.D.N.Y Jan. 29, 2007) (citing 28 U.S.C. § 2253). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in form a pauperis status is denied for the purpose of an appeal. *See Coppedge v United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to mail a copy of this Opinion & Order to the Petitioner, note the mailing on the public docket, and to close the case.

SO ORDERED.

Dated: March 1, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge