USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/22/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Isaiah Wilson,

Petitioner,

-v-

United States,

Respondent.

16-cv-4994 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

Petitioner Isaiah Wilson, proceeding *pro se*, moves to reopen and set aside the denial of his motion to reconsider the denial of his motion under 28 U.S.C. § 2255 to vacate his sentence. For the reasons that follow, Petitioner's motion is denied.

**BACKGROUND**

The procedural history of this case and facts underlying Petitioner's convictions are summarized in greater detail in this Court's August 8, 2019 Opinion & Order denying Petitioner's § 2255 motion, familiarity with which is assumed. *See Wilson v. United States*, Nos. 13-CR-777-3 (AJN), 16-CV-4994 (AJN), 2019 WL 3752476, at *1 (S.D.N.Y. Aug. 8, 2019) (Dkt. No. 16).[1] In 2014, Petitioner pled guilty to conspiracy to distribute cocaine and heroin; conspiracy to commit Hobbs Act robbery; and unlawful possession of a firearm in connection with a drug trafficking offense and a crime of violence, in violation of 21 U.S.C. §§ 846, 841; 18 U.S.C. § 1951; and 18 U.S.C. § 924(c)(1)(A)(i), respectively. The parties stipulated to an applicable Sentencing Guidelines range of 262 to 327 months' imprisonment, which reflected the parties' agreement that Petitioner qualified as a career offender under U.S.S.G. § 4B1.1(a) in

[1] Unless otherwise noted, all docket references are to No. 16-CV-4994.

light of two prior convictions under New Jersey law for crimes of violence: (1) aggravated assault and (2) burglary in the third degree, in violation of N.J. Stat. Ann. §§ 2C:12-1b(5)(a) and 2C:18-2, respectively. *See Wilson*, 2019 WL 3752476, at *1. The Court agreed with the parties' Guidelines calculations following its independent review, and ultimately sentenced Petitioner to a below-Guidelines term of 216 months' imprisonment. *Id.* The Second Circuit dismissed Petitioner's direct appeal from his conviction as barred by a valid appellate waiver. *United States v. Gill*, Nos. 14-4704 (L), 14-4753 (Con), 2016 U.S. App. LEXIS 20362, at *1 (2d Cir. Apr. 12, 2016).

In 2016, Petitioner filed a § 2255 motion, arguing that, under *Johnson v. United States*, 576 U.S. 591 (2015), his prior convictions for burglary and aggravated assault were not crimes of violence under § 4B1.2(a)(2) of the Sentencing Guidelines. Dkt. No. 1. However, after the Supreme Court held in *Beckles v. United States*, 580 U.S. 256, 259 (2017), that the Guidelines are not subject to vagueness challenges under the Due Process Clause, Petitioner amended his motion to focus on the argument that his initial counsel had provided constitutionally ineffective assistance in advising him that "that there was no legal basis to argue that his prior conviction for aggravated assault was not a crime of violence under Section 4B1.2(a)." *Wilson*, 2019 WL 3752476, at *1. On August 8, 2019, this Court denied Petitioner's § 2255 motion. *Id.* As relevant here, the Court held that Petitioner had waived any argument that his burglary conviction was not a crime of violence under the Guidelines, by failing to renew it in his amended papers, and that, in any event, "Mr. Wilson's conviction for burglary [under N.J. Stat. Ann. § 2C:18-2] was a crime of violence under § 4B1.2(a)(2) of the Guidelines," because "the residual clause [of] § 4B1.2(a)(2) of the Guidelines is not void for vagueness." *Id.* at *4 (first

citing *United States v. Brown*, 514 F.3d 256, 264–69 (2d Cir. 2008); then citing *Beckles*, 580 U.S. 256).[2]

Petitioner subsequently moved for reconsideration of the denial of his § 2255 motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Rule 6.3 of the Local Civil Rules for the Southern District of New York. Dkt. Nos. 17, 26. On March 1, 2021, this Court denied that motion in relevant part. *Wilson v. United States*, Nos. 13-CR-777 (AJN), 16-CV-4994 (AJN), 2021 WL 791229 (S.D.N.Y. Mar. 1, 2021) (Dkt. No. 30). As relevant here, the Court amended its August 2019 order insofar as it found Petitioner had waived the argument that his burglary conviction was not a crime of violence for purposes of the career offender enhancement, after concluding that "the failure to renew [Petitioner's] claims was an inadvertent error." *Id.* at *4. But "this amendment [wa]s of limited consequence," because the Court adhered to its previous, alternative holding on the merits that "New Jersey's burglary statute qualifies as a crime of violence under § 4B1.2 of the Guidelines." *Id.* In doing so, the Court declined to follow authority from the Third Circuit supporting Petitioner's argument, because "those cases are not binding authority on this Court," whereas "the Court is bound to follow the Second Circuit case cited in the prior Opinion, which determined that an effectively identical New York statute qualified." *Id.* (citing *Brown*, 514 F.3d at 264–69). The Second Circuit dismissed Petitioner's appeal from this order for failure to make "a substantial showing of the denial of a constitutional right" on September 9, 2021, *Wilson v. United States*, No. 21-846, 2021

[2] Applying the categorical approach, the Court also held that Petitioner's aggravated assault conviction under N.J. Stat. Ann. § 2C:12-1b(5)(a) qualifies as a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a)(2), and that Petitioner's initial counsel was therefore not ineffective in advising Petitioner that there were no legal grounds to challenge application of the career offender enhancement. *Id.* at *5–6.

WL 4472673, at *1 (2d Cir. Sept. 9, 2021) (quoting 28 U.S.C. § 2253(c)), and on May 2, 2022, the Supreme Court denied Petitioner's petition for the writ of certiorari, *Wilson v. United States*, 142 S. Ct. 2688 (2022).

On August 3, 2022, the criminal docket, No. 13-CR-777-3, was transferred to the Hon. Lewis J. Liman. The civil docket associated with Petitioner's § 2255 motion, No. 16-CV-4994, however, remains assigned to the undersigned. On December 19, 2022, Petitioner, acting *pro se*, moved for relief from the Court's March 1, 2021 Order, invoking Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. No. 36 (Mot.). The Government filed its opposition to Petitioner's motion on January 20, 2023. Dkt. No. 39 (Opp'n). On June 8, 2023, Petitioner filed his reply, in which he clarifies that his motion is actually filed pursuant to Rule 60(d) of the Federal Rules of Civil Procedure, rather than Rule 60(b). Dkt. No. 50 (Reply), at 1–2.

**DISCUSSION**

In the present motion, Petitioner argues that the Court "committed clear error of law or fact by denying [his] 2255 motion when the court determined that [his] prior predicate for burglary under New Jersey's State Law qualified as a crime of violence under U.S.S.G. §4B1.2(a)(2) Residual Clause, without the court performing its own independent analysis of [his] prior predicate." Mot. 3. The Government argues that Petitioner's motion is both time-barred and meritless. Opp'n 2–5. The Court agrees with the Government.

First, as Petitioner appears to concede in his reply, Reply 1–3, to the extent that he seeks relief under Rule 60(b)(1), his motion is untimely. Under Rule 60(b)(1), the court may relieve a party from an order due to "mistake, inadvertence, surprise, or excusable neglect," but under Rule 60(c)(1), such a motion must be made "no more than a year after the entry of the judgment

or order or the date of the proceeding." "This limitations period is absolute . . . ." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (cleaned up). Here, the order at issue was entered on March 1, 2021, well over a year before Petitioner's Rule 60 motion was filed in December 2022.

Apparently in recognition of this obstacle, Petitioner invokes, for the first time in his reply, Rule 60(d)(1). Reply 1–3. "In addition to the avenues of relief available under Rule 60(b), a court may 'entertain an independent action to relieve a party from a judgment' under Rule 60(d)." *Comm. on Pro. Standards v. Marin*, 764 F. App'x 82, 83 (2d Cir. 2019) (summary order) (quoting Fed. R. Civ. P. 60(d)(1)). "To obtain equitable relief through an independent action under Rule 60(d), a claimant must '(1) show that he has no other available or adequate remedy; (2) demonstrate that his own fault, neglect, or carelessness did not create the situation for which he seeks equitable relief; and (3) establish a recognized ground—such as fraud, accident, or mistake—for the equitable relief.'" *Id.* at 83–84 (quoting *Campaniello Imps., Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2d Cir. 1997)) (alterations omitted)). Furthermore, "independent actions under Rule 60(d)(1) are available 'only to prevent a grave miscarriage of justice.'" *Gottlieb v. S.E.C.*, 310 F. App'x 424, 425 (2d Cir. 2009) (summary order) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). "This is an extremely high standard," *Wright v. Poole*, 81 F. Supp. 3d 280, 294 (S.D.N.Y. 2014), and to meet it, "the movant must demonstrate something that renders it *manifestly unconscionable* for the judgment to be enforced," *United States v. Acosta*, No. 07-CR-1150 (VM), 2021 WL 2930903, at *3 (S.D.N.Y. July 9, 2021) (cleaned up).

Petitioner does not meet these standards. His motion, which relies entirely on authorities from 2021 or earlier, fails at the first step, as he offers no reason why he could not have filed the

same motion under Rule 60(b)(1) within the applicable one-year time limitation. His Rule 60(d)(1) motion is denied on this basis alone. *See, e.g.*, *Hoti Enters. L.P. v. GECMC 2007 C-1 Burnett St., LLC* (*In re Hoti Enters., L.P.*), 549 F. App'x 43, 44 (2d Cir. 2014) (summary order) ("The district court correctly held that reconsideration is inappropriate under Rule 60(d)(1) because [the appellant] could have brought a claim pursuant to Rule 60(b) within one year of the [relevant order] but failed to do so."); *Wright*, 81 F. Supp. 3d at 294 (holding that "Petitioner fails to meet the first requirement for an independent action" because "Petitioner could have brought a Rule 60(b)(1) motion for relief within the prescribed time period"). In any event, the "alleged error [Petitioner] cites was not an error at all, much less one that rendered his Section 2255 proceeding manifestly unconscionable," *Acosta*, 2021 WL 2930903, at *4 (cleaned up), substantially for the reasons stated by the Government in its opposition, Opp'n 4–5. As the Court explained in both its August 2019 and March 2021 orders, it is bound by the Second Circuit's reasoning in *Brown*, 514 F.3d at 264–69, to conclude that Petitioner's prior conviction for burglary under N.J. Stat. Ann. § 2C:18-2, constitutes a crime of violence within the meaning of the applicable version of U.S.S.G. § 4B1.2(a).[3] In *Brown*, the court considered whether a conviction for burglary in the third degree under New York law, in violation of N.Y. Penal Law § 140.20, constituted a crime of violence under U.S.S.G. § 4B1.2(a). 514 F.3d at 265. The court concluded that it did "because third-degree burglary itself is a crime that inherently involves a risk of personal injury . . . within the meaning of the . . . residual clause of Guidelines § 4B1.2(a)(2)." *Id.* at 286 (cleaned up). The same logic applies to the materially similar New

---

[3] The relevant Guidelines language was removed following an amendment in 2016, *United States v. Watkins*, 940 F.3d 152, 160 n.32 (2d Cir. 2019), but those changes took effect well after Petitioner's sentencing.

Jersey statute under which Petitioner was convicted, as this Court previously explained. *See Wilson*, 2021 WL 791229, at *4.

Petitioner argues that this Court must "perform[] its own independent analysis" of whether his burglary conviction constitutes a crime of violence under U.S.S.G. § 4B1.2. Mot. 3. But the authority on which he relies, *United States v. Savage*, states only that, on appeal, an appellate court reviews *de novo* the district court's determination of whether a prior offense falls within the scope of U.S.S.G. § 4B1.2. 542 F.3d 959, 964 (2d Cir. 2008). That proposition has no bearing on this Court's analysis of what qualifies as a crime of violence under § 4B1.2 in the first instance. And in making that determination, this Court remains bound by the Second Circuit's decision in *Brown*. *See Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 154 n.17 (2d Cir. 2013) ("[F]ederal courts in this Circuit . . . are bound by [the Second Circuit's] interpretations of federal law . . . ."). It follows that the Court's rejection of this argument both in denying Petitioner's initial § 2255 motion and subsequent motion for reconsideration does not constitute a "grave miscarriage of justice." *Beggerly*, 524 U.S. at 47.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Petitioner's motion for relief from the Court's prior order denying, in relevant part, reconsideration of the denial of his § 2255 motion.

Since Petitioner "has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue." *Perez v. United States*, No. 04-CV-7148 (JSR), 2007 WL 685949, at *1 (S.D.N.Y Jan. 29, 2007) (citing 28 U.S.C. § 2253). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to terminate Dkt. No. 36, to mail a copy of this Order to Mr. Wilson, and to note the mailing on the public docket.

SO ORDERED.

Dated: June 22, 2023
New York, New York

ALISON J. NATHAN
United States Circuit Judge,
sitting by designation